IN THE UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| ALBIN MELI, *et al.* ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CITY OF BURLINGTON, VERMONT, ) <br> *et al.*, ) <br> ) <br> Defendants. ) | Civil Action No. 2:19–CV–71 |

**DEFENDANTS' MOTION TO QUASH PLAINTIFFS'
REQUESTS FOR ADMISSION AND FOR A PROTECTIVE ORDER**

Defendants, City of Burlington, Vermont, Brandon del Pozo, Jason Bellavance, and Cory Campbell, through their attorneys, Lynn, Lynn, Blackman & Manitsky, P.C., pursuant to Federal Rule of Civil Procedure 26(c)(1), respectfully submit this Motion to Quash Plaintiffs' Requests for Admission and for a Protective Order.  Plaintiffs served Defendants with three sets of Requests for Admission ("Plaintiffs' Requests"), totaling 151 requests, more than seventeen months after the deadline for requests for admission expired.  Given the untimeliness and breadth of Plaintiffs' Requests, Defendants request the Court quash Plaintiffs' Requests and enter a protective order prohibiting Plaintiffs from serving additional requests for admission.

**I.     Factual Background**

The deadline to serve Requests for Admission in this matter was January 15, 2021.  *See* Ex. A, Dkt. No. 129 at ¶ 11.  The deadline to complete all discovery was July 14, 2021.  *See id.* at ¶ 12.  On June 17, 2022, Plaintiffs served Plaintiffs' Initial Requests for Admission to Defendant City of Burlington, Plaintiffs' Initial Requests for Admission to Defendant Jason Bellavance, and Plaintiffs' Initial Requests for Admission to Defendant Brandon del Pozo.  *See* Ex. B, Pls' Requests to Def. Burlington; Ex. C, Pls' Requests to Def. Bellavance; Ex. D, Pls'

1

Requests to Def. del Pozo. Collectively, Plaintiffs' Requests – which Plaintiff served more than seventeen months after the deadline for requests for admission – include 151 requests for admission. *See id.* Defendants' counsel has conferred with Plaintiffs' counsel, who has refused to withdraw Plaintiffs' Requests and refused to not serve additional requests for admission. *See* Ex. E, Boyle Aff. at ¶¶ 1-5.

## II.     Legal Argument

A court has broad discretion to control discovery. *See*, *e.g.*, *Daval Steel Prod. v. M/V Fakredine*, 951 F.2d 1357, 1366 (2d Cir. 1991) ("We decline to hobble the necessary discretion of district courts to control discovery . . . ."). As part of its discretion, a court can quash untimely requests for admission. *See*, *e.g.*, *Forest v. Barnes Jewish Hosp.*, No. 4:07CV258-DJS, 2008 WL 957693, at *1 (E.D. Mo. Apr. 7, 2008) (quashing requests for admission served less than one month after deadline). Additionally, Federal Rule of Civil Procedure 26 gives a court the power to "issue an order to protect a party . . . from annoyance, embarrassment, oppression or undue burden or expense . . . ." FED. R. CIV. P. 26(c)(1).

Here, Plaintiffs served three sets of requests for admission, totaling 151 distinct requests, more than seventeen months after the Court-ordered deadline for requests for admission. *See* Dkt. No. 129 at ¶ 11. Nothing prevented Plaintiffs from timely serving their Requests. Given Plaintiffs' delay of more than seventeen months in serving their Requests, quashing Plaintiffs' Requests is well within the Court's discretion. *See Forrest*, 2008 WL 957693, at *1. While Plaintiffs are nearly certain to argue trial is far enough away to allow Defendants to respond to Plaintiffs' Requests, Defendants should not have to bear a burden – in responding to three sets of requests for admission almost a year and a half after the deadline for requests for admission has

passed – to remedy Plaintiffs' untimeliness. Accordingly, Defendants respectfully submit the Court should quash Plaintiffs' Requests.

Further, to protect Defendants from the undue burden and expense of having to respond to Plaintiffs' Requests or additional untimely discovery requests, Defendants respectfully request the Court enter a protective order prohibiting Plaintiffs from serving additional requests for admission. That Plaintiffs titled their Requests as "Initial Requests for Admission" suggests Plaintiffs intend to serve additional requests for admission. *See* Ex. B, Ex. C, & Ex. D. Moreover, Plaintiffs filed three sets of requests for admission, totaling 151 distinct requests, almost a year and a half after the deadline for requests for admission. *See id.* The timing of Plaintiffs' Requests demonstrates a willingness to disregard the Court's deadlines, while the breadth of Plaintiffs' Requests suggests an intention to force Defendants to incur undue burden and expense. *See id.* Given the timing and breadth of Plaintiffs' Requests, Defendants submit good cause for a protective order prohibiting any future requests for admission exists. *See* FED. R. CIV. P. 26(c)(1) (providing for protective order to prevent undue burden and expense). Accordingly, Defendants respectfully request the Court enter an Order prohibiting Plaintiffs from serving any additional requests for admission.

### III. Conclusion

The Court ordered all requests for admission to be served by January 15, 2021. Plaintiffs served three sets of requests for admission more than seventeen months after that deadline. Given the untimeliness of Plaintiffs' Requests, the Court should quash Plaintiffs' Requests. Additionally, so Defendants are not forced to bear additional undue burden and expense in addressing other untimely and sprawling requests for admission, which Plaintiffs have

demonstrated a willingness to serve, Defendants submit the Court should enter a protective order prohibiting Plaintiffs from serving additional requests for admission.

Wherefore, Defendants respectfully request the Court:

1. Enter an Order quashing Plaintiffs' Initial Set of Requests for Admission to Defendant City of Burlington, Plaintiffs' Initial Set of Requests for Admission to Defendant Jason Bellavance, and Plaintiffs' Initial Set of Requests for Admission to Defendant Brandon del Pozo; and

2. Enter an Order prohibiting Plaintiffs from serving any additional requests for admission in this matter.

Dated at Burlington, Vermont this 22nd day of June 2022.

                                                CITY OF BURLINGTON, VERMONT
BRANDON DEL POZO, JASON
BELLAVANCE, AND JOSEPH CORROW

By:    */s/ Pietro J. Lynn*
       Pietro J. Lynn, Esq.
       Barbara R. Blackman, Esq.
       Lynn, Lynn, Blackman & Manitsky, P.C.
       *Counsel for Defendants*
       76 St. Paul St., Suite 400
       Burlington, VT  05401
       (802) 860-1500
       plynn@lynnlawvt.com
       bblackman@lynnlawvt.com